Form 210A (10/06)                    **United States Bankruptcy Court**

                                   WESTERN DISTRICT OF MISSOURI

In Re: CURFMAN; KEVIN                              Case No. 0640629

                    **TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE, or deemed filed under 11 U.S.C. § 1111 (a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in the evidence and notice.

PRA Receivables Management, LLC., as agent of
Portfolio Recovery Associates, LLC                 LVNV Funding LLC., its successors and assigns, as
-------------------------------------------        -------------------------------------------
Name of Transferee                                 Name of Transferor

Name and Address where notices to transferee       Court Claim # (if known): 12
should be sent:                                    Amount of Claim: $10,143.41
POB 41067                                          Date Claim Filed: 07/12/2006
NORFOLK, VA 23541

Phone: (877)829-8298                               Phone: 864-678-8700
Last Four Digits of Acct # :  4470                 Last Four Digits of Acct #:

Name and Address where transferee payments         Seller Information
Should be sent (if different from above)           SHERMAN ACQUISITION LLC
PO Box 12914                                       PO Box 10587
NORFOLK, VA 23541                                  Greenville SC 29603

Phone: (877)829-8298
Last Four Digits of Acct # : 4470


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of knowledge and belief.

By: /s/ Dolores Garcia                             Date: 1/13/2009
    -------------------------------------------
    Transferee/Transferee's Agent


*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

* 1 0 3 3 2 0 2 *

Exhibit E

**LIMITED POWER OF ATTORNEY
IN CONNECTION WITH TRANSFER OF LOANS
INVOLVING BANKRUPTCY PROCEEDINGS**

1. Designation. SHERMAN ACQUISITION LLC, a Delaware limited liability company (the "Principal"), with its principal place of business at 335 Madison Avenue, 19th Floor, New York, New York 10017, by and through Laura Schaible, its Authorized Representative, hereby designates Portfolio Recovery Associates, LLC, with its offices at 130 Corporate Blvd, Norfolk, VA 23502, as its attorney-in-fact for the Principal for the limited purposes and subject to the terms and duration herein set forth.

2. Effective Date; Duration. This limited power of attorney shall become effective upon execution by the Principal, to remain effective for the limited purposes set forth below until terminated by the Principal or the duration of said limited power of attorney expires. This power of attorney shall continue until revoked or terminated in accordance with Section 4.

3. Powers. The attorney-in-fact shall have the power to act in the place and stead of the Principal, solely for the purpose of effecting the transfer of that certain portfolio of loans sold by the Principal, as Transferor, to Portfolio Recovery Associates, LLC, as Transferee pursuant to the Chapter 13 Bankruptcy Receivables Purchase Agreement dated October 30, 2008. Such powers of the attorney-in-fact shall include the power and authority to do the following:

(a) Submit to the Clerks and or Trustees of the various United States Bankruptcy Courts, the requisite documentation required to effect a transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to certain loans, to Portfolio Recovery Associates, LLC, as Transferee. This authority includes the authority to submit on behalf of Principal a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

(b) Sign, seal execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever which may be necessary and proper to be done in or about the exercise of the power and authority hereinabove granted to the attorney-in-fact as fully to all intents and purposes as the Principal might or could do if personally present through a designated representative.

4. Termination. This power of attorney shall be terminated by: (a) the Principal by written notice to the attorney-in-fact; or (b) upon the close of business on December 31, 2012.

5. Accounting. Upon request of the Principal, the attorney-in-fact shall account for all actions taken by the attorney-in-fact for or on behalf of the Principal.

6. Reliance. The attorney-in-fact and all persons dealing with the attorney-in-fact shall be entitled to rely upon this power of attorney so long as neither the attorney-in-fact, nor any person with whom the attorney-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Principal and any assigns or transferee of the Principal.

DATED this 30th day of October, 2008.

| | |
|---|---|
| Resurgent on behalf of Sherman Acquisition LLC | Portfolio Recovery Associates, LLC |
| By _____
Jon Mazzoli, Director | By _____
Michael J. Petit, Senior Vice President |

\* 1 0 3 3 2 0 2 \*